UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | | |
|---|---|---|
| HENRY HAMILTON, *Individually and on behalf of others similarly situated,* | ) ) ) | |
| | ) | Civil Action No: |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | |
| CITY OF HAYTI, MISSOURI, GLENDA OVERBY, CALVIN RAGLAND, AMY LEEANN INMAN. | ) ) ) | |
| | ) | Jury Trial Demanded |
| *Defendants.* | ) | |

## COMPLAINT

1.

## INTRODUCTION

This action is brought pursuant to 42 U.S.C. §1983 and pendent state law claims for monetary damages and for declaratory judgment, injunctive relief, compensatory and punitive damages, and attorney fees under 42 U.S.C. §1988. This case arises from the actions of the City of Hayti, Missouri, Glenda Overby, Amy Leeann Inman (formerly Amy Leeann Lannie), and Calvin Ragland, in unreasonably and unlawfully seizing, making full custodial arrest and imprisoning Plaintiff Henry Hamilton without probable cause, and denying him the right to bail by imposing an

excessive bond restricted to cash only payment, thereby requiring him to effectively prepay fines and court costs prior to determination of guilt or innocence. He asserts these actions were undertaken through the complicity and joint actions and agreement among the  municipal court clerk, municipal judge, the City of Hayti, and a private party, all in violation of Plaintiff's rights under the Fourth, Eighth, and the Due Process and Equal Protection Clauses of the Fourteenth Amendments to the Constitution of the United States, including, but not limited his right to be free from unreasonable arrest and prosecution except upon probable cause and custodial arrest conducted in an extraordinary manner, including but not limited to denial of his right to an initial appearance before a judge and his right to be informed of his right to counsel and appointment of counsel due to indigance.   His state claims parallel his federal claims include civil conspiracy and deprivation of liberty under Article I, Sections 10 and 21 of the Missouri Constitution which guarantee due process of law and prohibit imposition of excessive bonds and fines, §544.455 R.S. Mo., Supreme Court Rule 37.15 (establishing the Right to Release, adopting a "cite and release" requirement for ordinance violations and affording multiple methods where court makes determination otherwise), Rule 37.17 (police authorized to release person in accordance with bond schedule furnished by the court), Rule37.34, Rule 37.43 (court to issue summons or warrant only when information filed by city  prosecutor), Rule 37.45, and Rule 37.47( providing that a person arrested under a warrant who does not

satisfy the conditions for release be brought "as soon as practicable" before a judge for an initial appearance and be informed of his right to appointed counsel if indigent).

With respect to the members of his class, Plaintiff alleges that the City of Hayti acting through Defendants Ragland and Overby established a systemic practice of setting excessive bail, imposing excessive fines, of coercing payment of bonds, fines, and costs prior to determination of guilt or innocense, of requiring defendants plead guilty to offenses or post cash only bonds to avoid being detained in jail in lieu of such payment. He asserts that he and numerous impoverished members of his class have been unlawfully sentenced to jail sole because of their poverty and inability to prepay such fines or bonds and held for excessive periods by the failure to bring them promptly before a judge to inform them of the charges against them and of their rights. In Plaintiff's case he alleges his bond was set at the maximum fine permissible for each offense plus the court costs, in violation of the court's established bond schedule, and was unlawfully imprisoned for seven (7) days because he was unable to raise the entire sum of the cash bond, and that no information was filed by the city attorney for seven (7) days after his arrest. Plaintiff further asserts that the City has engaged in a practice of holding persons charged only with ordinance violations until the next scheduled court date which may be as long as two weeks or more.

Plaintiff also seeks declaratory judgment, compensatory and punitive damages,

and an award of attorney fees and expenses pursuant to 42 U.S.C. §1988 against all Defendants. He further seeks injunctive relief against Defendant City of Hayti.

## JURISDICTION

2.

The jurisdiction is invoked pursuant to 28 U.S.C. §1331, §1343 (3) and (4), and 28 U.S.C. §1367.

## PARTIES

3.

Henry Hamilton at the time of his arrest and incarceration was a sixty year old, black disabled resident of Pemiscot County, Missouri.

4.

Defendant City of Hayti, Missouri, is a Fourth-Class city located in Pemiscot County, Missouri. It has established and operates a Municipal Court pursuant to Chapter 479 R.S.Mo. for the violation of municipal ordinances. It may be served by serving its Mayor Lisa Green at her home which is located at 709 East Moore St., Hayti. Alternatively, she may be served at the Hayti City Hall, 300 East Main St., Hayti, Missouri.

5.

Defendant Calvin Ragland was at all times material to this action the elected Municipal Judge for the City of Hayti . He may be served at the at his home at 100

East Lincoln St., Hayti, Missouri.

6.

Defendant Glenda Overby was at all times material to this action employed by the City of Hayti as a police officer, police secretary, and municipal court clerk. She may be served with process at her residence at 705 East Moore St., Hayti, Missouri.

7.

Defendant Amy Leeann Inman,, is an adult resident of Pemiscot County, Missouri and at all times material to this action, was an employee of Maco Management Co. Inc. and manager of its Cleveland Apartments complex in Hayti, Missouri. She is the daughter of Defendant Glenda Overby. Her name was formerly Amy Leeann Lannie but since the events described in this case has married David Inman, a former police officer of the City of Hayti, Missouri. She may be served with process at her residence which is 711 East Moore St., Hayti, Missouri.

8.

Plaintiff's class consist of the following individuals:

A.) Plaintiff's class consists of all individuals arrested for violations of ordinances of the City of Hayti, Missouri, whose conditions of release or bail required them to pay cash bonds in the maximum fine amount authorized by law for an offense or in a specified amount set by the City's fine schedule adopted by Defendant Ragland for the offense plus court costs.

B.)  Plaintiff is also the member of a class of individuals which includes all individuals detained and incarcerated in the Pemiscot County Jail for ordinance violations solely because of their poverty and inability to prepay fines and court costs in the form of "cash only bonds" set by Hayti police officer, the court clerk, or municipal judge  prior to adjudication of guilt or innocence.

C.)  Plaintiff is the member of a class of individuals who have been arrested and for ordinance violations under a warrant issued Defendant Ragland and the current municipal judge prior to the filing of an information executed and filed  by the city attorney.

D.)  Plaintiff is the member of a class of individuals who have been arrested without a warrant or with a warrant and who have been committed to the Pemiscot County Jail due to their inability to make bond and who have been detained for extended periods of time without being brought before the municipal judge within a reasonable period of time required by Supreme Court Rule 37.47 and the Fourth and Fourteenth Amendments.

9.

The class is so numerous that joinder of all members as parties is impractical; the claims of Plaintiff are typical of the class, and as representative of the class, he will fairly and adequately protect the interests of the class as a whole; and Defendants City of Hayti, Ragland, and Overby have acted on grounds generally applicable to the

class, thereby making injunctive and declaratory relief appropriate with respect to the class as a whole. Although Plaintiff is no longer incarcerated or subject to the bond procedure, he has standing to bring the present action on behalf of the class inasmuch as the imposition of excessive and cash only bonds which operate to deprive a pretrial detainee of his right to release is a situation in which the challenged action against members of the class is of relatively short duration and too short to be fully litigated prior to its cessation or expiration and there is a reasonable expectation that members of the class may be subject to the same action. In such cases the courts have allowed an otherwise moot action to proceed as one "capable of repetition but evading review".

10.

At all times materials to this action, Defendants, their agents and employees acted jointly under colors of law, custom and usage of the State of Missouri.

11.

Defendants Ragland as municipal judge and Overby in her combined positions of police officer, police secretary, and municipal court clerk were officers, agents and employees of City of Hayti.

12.

The actions of Defendant Ragland as an elected municipal judge regarding the setting of bonds for cash only, setting the amount of bonds at the maximum fine for

each offense plus court costs, requiring a defendant in a municipal proceeding to effectively prepay fines prior to a determination of guilt or innocence as a condition for release from jail, issuing arrest warrants without the execution and filing of an information by the city prosecutor, detaining Plaintiff and the members of his until the next regularly schedule city court session and failing to promptly bring the person before the court for an initial appearance, all constitute official policies of the City of Hayti by the official charged with making final decisions and establishing rules and policies for the administration of the municipal court. Such actions and failures to act were not judicial in nature and were taken in the absence of all jurisdiction.

13.

Defendant Ragland has administratively 1) established practices and set fine/bond schedules for offenses and categorically denied defendants in municipal court the opportunity to meet the conditions for release under Section 544.455 by requiring "cash only" bonds, 2) established a practice of requiring the municipal court clerk and police officers to require cash only bonds and denying individual arrested the right to be cited and released on their own recognizances for municipal ordinance violations without evidence of the necessity for full custodial arrests. Such administrative actions were not only beyond the bounds of his authority under the law, but were taken in the complete absence of all jurisdiction.

14.

Defendant Ragland established a fine and bond schedule that incorporated fines to be assessed and court costs for each offenses. The same amounts set for the fines and costs are designated by Defendant Ragland as the bond amounts to be set by the court clerk and police officers. He further directed that the court clerk and police officers set bonds for cash only. Arrested individuals were not permitted to use surety bonds to secure their release and avoid being held in from jail. Such action and practice constitutes an official policy and practice of the City of Hayti and an unlawful form of coercion requiring defendants to prepay fines and costs prior to determination of guilt or innocence of charges filed against them in order to avoid imprisonment, even for minor offenses.

15.

Defendant Overby informed any who inquired about coming to court that if they chose not to appear on the regularly scheduled court date the Judge would find them guilty, set the fine at the amount of the bond, and forfeit the bond as payment in full of the fine.

16.

The actions, policies and practices authorized by Defendant Ragland were so well-settled, pervasive, and permanent as to constitute a custom or usage with the force law as to be attributable to the City of Hayti.

FACTS

17.

On Thursday July 28, 2011, Henry Hamilton went to the office of Cleveland Apartments in Hayti, Missouri to make application for public housing. Cleveland Apartments is a program providing federally assisted housing through the U.S. Department of Housing and Urban Development (H.U.D.) and is managed and operated by Maco Management Co., Inc. Hamilton was given an application form and told to fill it out and return it to the office to be considered for available public housing. He took the application with him, completed it, and took it back to Maco's office at Cleveland Apartments that afternoon.

18.

After he turned in the completed application, Maco's manager for the Cleveland Apartments, Amy Leeann Lannie, questioned him about the application and accused him of falsifying the application and fraud. He denied the accusation and was ordered by Lannie to leave the office.

19.

On information and belief, Inman, who was the daughter of Defendant Glenda Overby, a police officer and the municipal court clerk, called her mother regarding the incident and her mother dispatched Officer David Inman – with whom Lannie was at the time living and subsequently married – to take a statement from her to initiate a complaint against Plaintiff in municipal court. After obtaining, the Officer

Inman and two other police officers began searching the Hayti to arrest Hamilton. Lannie went to the Police Department where her mother helped her prepared a written complaint. Lannie signed the complaint which was witnessed by Overby, who opened a case against Hamilton and assigned it a case number. (See Exhibit C attached). No information had been filed by the city prosecutor at the time and would not be signed and dated by the prosecutor until August 4, 2011, seven days later. (See Exhibit A attached and incorporated herein by reference).

20.

The same date, July 28, 2011, Defendant Lannie prepared a "Notice Against Trespass" and gave it to officer Inman to serve on Henry Hamilton upon his arrest prohibiting him from coming upon the premises of the Cleveland Apartment properties. She gave as the reason for barrment "Assault on Management" and signed it as manager on behalf of Defendant Maco Management Co., Inc.

21.

The following morning, Plaintiff was cleaning a lot he owned in the adjoining city of Hayti Heights. Officer Walter Dale, a police officer for Hayti Heights had heard David Inman and Hayti police officers talking on their radios about trying to find Plaintiff to arrest him.

22.

On information and belief, Dale knew Plaintiff and while investigating another

matter in Hayti Heights saw Plaintiff in his yard. Plaintiff got in his car and left before Dale finished with what he was doing. He radioed the Hayti police and informed them that he had seen Plaintiff and was asked to stop him and hold him for the Hayti police.

23.

Plaintiff left Hayti and was headed to his daughter's house in Kennett. Dale followed Plaintiff and kept in radio contact with Inman and Hayti police officer informing them the direction Plaintiff was headed. Dale left the city limits of Hayti Heights and followed Plaintiff and he stopped him several miles west of the city in rural Pemiscot County. He detained Plaintiff until Inman and three Hayti police officers, a sheriff's deputy, and a highway patrol officer arrived at the scene.

24.

The Hayti police officers did not have an arrest warrant at the time but Officer Inman gave Plaintiff a copy of the Notice Against Trespass provided by Lannie barring Plaintiff from the housing authority. On information and belief, Officers Inman and Dale agreed that since they did not have a warrant and had no basis for making any arrest on their own without a warrant, Dale would arrest Plaintiff, charge him with a traffic offense, impound his automobile, and transport him to the Hayti Heights City Hall and hold him until Inman could contact Overby and have her issue an arrest warrant. Dale subsequently transported Plaintiff to the Pemiscot County Jail.

See Overby Letter attached as Exhibit D and incorporated herein by reference).

25.

When Defendant Overby learned that Plaintiff had been arrested she prepared a Warrant for Arrest charging Plaintiff with peace disturbance and third degree assault (the city had no ordinance for third degree assault) and set his bond at $1,022.50, the maximum fine for the two municipal charges and $22.50 in court costs. In the Warrant in the section for "Conditions of Release" Overby inserted: "Must Post Cash Bond." She affixed Defendant Ragland's signature to the warrant with a rubber signature stamp. and faxed it to the Pemiscot County Jail. (See Exhibit B attached).

26.

While Plaintiff was being detained at the Pemiscot County Jail in custody of Dale, Overby faxed the jail a copy of the Warrant for Arrest she prepared. Dale surrendered custody to Inman and Plaintiff was booked as being arrested by the Hayti Officers under the Arrest Warrant.

27.

Under these circumstances Plaintiff's custodial arrest based on an ordinance violation was unreasonable, contrived and unlawful. Plaintiff was not cited and released by either Dale or Inman, but was subjected to a full custodial arrest in violation of the Fourth Amendment and Missouri law.

28.

On information and belief, Defendant Ragland had provided Overby with a rubber signature stamp with his name on it and established a policy and practice of authorizing Defendant Overby to set bonds and issue warrants without his reviewing the same and signing them himself.

29.

At all times material to this action Defendant Ragland had in effect an administratively established a fine/bond schedule which authorized the city court clerk and police officers to collect fines, bonds, and court costs for ordinance violations and traffic violations specified in the schedule.

30.

On information and belief, the actions of Defendants Overby and Ragland in setting the bond in excess of the amounts for the offenses listed in the fine/bond schedule and having Plaintiff unlawfully held in jail for seven (7) days were done for the sole purpose of punishing Plaintiff rather that securing his appearance in court.

31.

Despite the fact that the fine and bond schedule for the offenses were $160.50 (for assault–the City ordinances make no distinction in the degree of assault) and $110.50 (for peace disturbance for use of profane language), making a total for the bond/fine and court costs of $271.00 for the offenses, Defendant Overby set the bonds at an excessive and exorbitant amount to prevent Plaintiff from making bond.

He and his niece were able to raise $350.00 but he could not raise the full amount of the bond and was not permitted to post a surety bond through a bondsman. Plaintiff is disabled and his only source of support was a small monthly social security disability check.

### 31A.

The bond schedule for the City of Hayti is discriminatory based on the wealth of the person charged in that individuals who are poor may be require without justification to be imprisoned in jail for an ordinance violation in lieu of the payment of a cash bond to ensure their appearance at court while a wealthier individual may be released upon payment of a cash bond. In addition, the bond schedule permits a wealthier individuals to have points removed form from their city court record and apparently not reported to the state by paying an "extra $50.00 to the Criminal Investigation Fund in addition to the regular fines and costs." (See Exhibit D, bottom of second page).

### 32.

Plaintiff was imprisoned in the Pemiscot County Jail under the Hayti arrest warrant for seven days until his court appearance on August 4, 2011. During that time he was not released on his own recognizance or afforded the right to be brought before Ragland for an initial appearance at which time he would have been informed of his right, the charges against him, and afforded the opportunity to have an attorney

appointed for him by the court, and be released on his own recognizance. It was not until seven days after his arrest that the city police brought him from the county jail to court. Ragland informed that he would receive only a fine on the offenses if he pled guilty. At that time, Defendant Ragland released him on his own recognizance without necessity of posting of any bond and set a trial date for August 11, 2011.

33.

After his release Plaintiff obtained the assistance of counsel to represent him in the matter and the case was transferred to the Circuit Court of Pemiscot County on motion for change of judge and jury trial. The charge of assault was voluntarily dismissed by city prosecutor with prejudice and the charge of peace disturbance disposed of in Plaintiff's favor without imposition of any fine or period of incarceration.

## COUNT I.

(Civil Rights 42 U.S.C. §1983)

28.

Plaintiff adopts and realleges the allegations contained in the Paragraphs 1-33 above.

29.

This cause of action is brought pursuant to 42 U.S. C. §1983 and §1988 for declaratory judgment, injunctive relief, compensatory and punitive damages, and

attorney fees and expenses for the actions of Defendants heretofore set out in depriving Plaintiff of his rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

30.

At all times material to this action, Defendants acted under color of law, office, ordinance, custom, or usage of the State of Missouri and the City of Hayti, Missouri; Defendant Leeann Inman. acted jointly and in concert with Defendant Overby, Ragland, and Hayti police officers in causing the deprivations of Plaintiff's federally protected rights.

31.

Defendants Overby, Ragland, and City of Hayti conspired with Defendant Lannie to deprive Plaintiff of his rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States to be free from imposition of excessive bail, to be free from unreasonable seizure, custodial arrest and imprisonment for alleged ordinance violations, to be free from prosecution except upon probable cause, of his right to be released from imprisonment based on §544.455 R.S.Mo., and Rule 37.15, and the right to have his case heard and adjudicated before being compelled to plead guilty or prepay fines and court costs in under the guise of a cash only bond , to the issue of a summons only, to be promptly before a judge for an initial appearance and to be cited and released at the time of is

arrest.

32.

At all times material to this action Defendants Ragland and Overby were an official and an employee, respectively of the City of Hayti, Missouri. Defendant Ragland was an elected municipal judge acting in the complete absence of his jurisdiction in administratively approving and establishing policies and practices categorically depriving defendants in municipal courts of their rights and coercing them to pre-pay fines and court costs prior to appearance in court and a judicial determination of guilt or innocence. While the practice may have been a highly efficient and effective method of collecting fines and costs, it is wholly unauthorized by law and outside the jurisdiction of a municipal judge.

33.

The Defendant Leeann Inman was a joint participant with Defendants Overby and Ragland in instigating, orchestrating, and conspiring to incarcerate Plaintiff, depriving him of his right to reasonable bond, and preventing him from being released in accordance with federal and state law.

34.

The joint actions of Defendants violated Plaintiff's clearly established rights under both state and the Constitution of the United States.

35.

The actions of Defendants were intentional, outrageous, and showed a deliberate indifference to Plaintiff's rights.

36.

As a direct and proximate result of the actions caused by Defendants, Plaintiff has been deprived of his rights, privileges and immunities guaranteed by the Fourth, Eighth and Fourteenth Amendment, including a federal constitutional claim based on §544.455 R.S.Mo. and Missouri Rule 37.15.

37.

As a direct and proximate result of the joint actions and common scheme of Defendants, Plaintiff was arrested without probable cause without warrant, subject to full custodial detention in the county jail, prosecuted,, and suffered pain, emotional distress, anxiety, humiliation and embarassment as a result of his incarceration.  In addition Plaintiff has suffered financial loss including but not limited to, the impounding of his automobile, the cost of employing an attorney to represent him on the municipal charges, and the denial of subsidized housing at Cleveland Apartments based on fabricated charges of assault.

## COUNT II.

(Missouri Constitutional and Statutory Violations)

38.

Plaintiff realleges and incorporates herein the allegations contained in

Paragraphs 1-38 above.

39.

The actions taken by Defendants to cause the arrest and custodial detention of Plaintiff and by causing an arrest warrant to be issued and requiing a cash bond for the maximum amount of the fines for each offense and court costs violated his rights under the Article I, Sections 10 and 21 of Missouri Constitution, §544.455 R.S.Mo., and Missouri Supreme Court Rules 37.15, 37.16, 37.17 37.45, and 37.47.

40.

As a direct and proximate result of the joint actions and common scheme of Defendants, Plaintiff suffered pain, distress, anxiety, and humiliation as a result of his incarceration. In addition Plaintiff has suffered financial loss, including but not limited to, the impounding of his automobile, and the cost of employing an attorney to represent him on the municipal charges, and loss of housing benefits.

## COUNT III.

(Civil Conspiracy)

41.

Plaintiff adopts and incorporates herein the allegations contained in Paragraphs 1-40 above.

42.

Defendants acting jointly and in concert entered into an agreement or understanding to prosecute Plaintiff, have him illegally arrested, incarcerated, and denied the opportunity to make bond by setting his bond at an unreasonable and exorbitant amount considering his poverty and in refusing to allow him to obtain release on his own recognizance or by use citation, or through a surety bond or the means authorized by §544.455 R.S.Mo.   Defendants knew that their actions in instigating a full custodial arrest without a warrant and then issuing arrest warrant when the city prosecutor had not filed an information and denying him release from jail except upon posting an excessive cash bond requiring him to prepay fines and costs were unlawful and violated Plaintiff's clearly established statutory and constitutional rights.   Furthermore, Defendants knew that the municipal court was wholly without jurisdiction for issuing an arrest warrant for Plaintiff's arrest.

43.

The prosecution was motivated, in part, to punish Plaintiff for objecting to Defendant Inman's accusations of fraud, by a desire to retaliate against Plaintiff and "put him in his place" by denying his housing application and barring him from the premises of the housing complex.

44.

As a direct and proximate result of Defendants' conspiracy to deprive him of his legal rights, Henry Hamilton was denied release from jail, imprisoned for seven (7)

days and required to hire an attorney to defend him. He was likewise barred from the housing complex and unable visit his daughter who lived there, denied the opportunity to apply for housing benefits for which he was otherwise eligible, and suffered the loss of his liberty, anxiety, emotional distress, the humiliation and embarrassment of arrest, imprisonment, and having to appear as a defendant in court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of his class pray this court grant the following relief:

1. Under Counts I and II, enter an order pursuant to Rule 23 F.R.Civ. P that this action be maintained as a class action;

2. Under Counts I and II enter judgment for Plaintiff and the members of his class for declaratory judgment and attorney fees against the City of Hayti, and Defendants Ragland, Overby, and Inman;

3. Under Counts I and II enter injunction against the City of Hayti requiring it to:

a. adopt procedures and policies that comply with state and federal law relating to initiation of cases for ordinance violations, Missouri's law for citing and releasing individual charged with minor offenses for ordinance violation, establishing a bond schedule for securing appearance in court wholly unrelated to the amounts of fines, requiring the municipal judge, court personnel, and police officers to allow the use of

personal recognizances, surety bonds, and other bond alternatives to cash only bonds recognized by law, and that require police officers and the municipal court to specifically state on any citation, arrest ticket, summons, or warrant with particularity the legal reasons the arresting officer or court finds such release unwarranted.

b. adopt policies and procedures for assuring that no case is initiated in municipal court until the city prosecutor has reviewed the facts and circumstances and has prepared and filed with the court an information charging an ordinance violation and also requiring that a publicly available docket be maintained showing the order of court filings in a case, and in particular showing the date and time of filing of informations, opening cases, and issuance of arrest warrants; and to establish by ordinance policies and procedures consistent with Rule 37.47 and constitutional mandates setting specific time frames for promptly bringing before the court all persons detained both without warrants and under  arrest warrants who have not satisfied the conditions for release.

c. establish ordinances and policies which prohibit the routine use of cash only bonds as a means punishment before conviction or of coercing and collecting fines or for any other purpose than assuring appearance in court;  which prohibit the court clerk from preparing informations charging offenses;  which prohibit the City Hayti, including its municipal court, from unlawfully issuing custodial arrest warrants for minor offenses and ordinance violations on its own before an information is prepared,

signed, and submitted by the city prosecutor;  to establish a bond schedule to be applied equally to all individuals regardless of wealth, poverty, or ability to pay.

d. to amend city ordinances to prohibit the court clerk from serving as police officer or secretary for the police department inasmuch as serving in such positions constitutes a clear conflict of interest in execution of the clerks's duties.

4.  Under Count I to enter injunctive relief against the City of Hayti under Counts I and II prohibiting setting the bonds  in the amount of the fines and costs for offenses thereby coercing  defendants to plead guilty or prepay fines and costs for release from imprisonment prior to determination of guilt of innocence; enjoining the City to set aside all guilty pleas and refund all cash bonds posted by defendants from September 1, 2010 to the present; and enjoining the City to set aside all guilty pleas entered by defendants since September 10, 2010 and refund all cash bonds forfeited by order of the municipal court, with interest thereon at the statutory rate, for failure to appear without compliance with the law and procedures required for establishing bond forfeitures;

5.    Under Count I enter judgment in favor of Plaintiff and against all Defendants jointly and severally in the amount of $500,000 as compensatory damages and $500,000 as punitive damages together with an reasonable award of attorney fees under 42 U.S.C. §1988.

6.    Under Count II enter judgment in favor of Plaintiff and against all

Defendants jointly and severally in the amount of $250,000 as compensatory damages and $250,000 as punitive damages together with an reasonable award of attorney fees under 42 U.S.C. §1988.

7.     Under Count III to enter judgment in favor of Plaintiff against Defendants jointly and severally in the amount of $250,000 in compensatory damages and $250,000 in punitive damages for civil conspiracy together with an reasonable award of attorney fees under 42 U.S.C. §1988.

8.     Grant Plaintiff such other and further relief as is just and proper.

s/ Jim R. Bruce
Jim R. Bruce,#29,673
P.O. Box 37
Kennett, MO 63857
Telephone: (573) 888-9696

ATTORNEY FOR PLAINTIFF