UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:16CV54 RLW ) |
| CITY OF HAYTI, MISSOURI, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on separate motions to dismiss filed by each of the Defendants. Defendant City of Hayti, Missouri ("Hayti") has filed a Motion to Dismiss Counts II & III (ECF No. 9). In addition, Defendants Calvin Ragland ("Ragland") and Glenda Overbey[1] ("Overbey") filed Motions to Dismiss all counts against them (ECF Nos. 11, 24). Defendant Amy Leeann Inman ("Inman") filed a Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 18). Defendants Hayti and Ragland have also filed a Motion to Deny Certification of Class Action Status to Plaintiff and Dismiss Plaintiff's Class Claims (ECF No. 13). Finally, Plaintiff Henry Hamilton has filed a Motion to Deny Defendant City of Hayti's Motion to Dismiss as to Counts II and III or, in the Alternative, to Stay Disposition (ECF No. 35). Defendants' individual motions to dismiss are fully briefed and ready for disposition. Plaintiff did not respond to the motion to deny class certification and dismiss class claims. Defendant Hayti filed

---

[1] The record reflects that the correct spelling is "Overbey" not "Overby" as written by both counsel for Plaintiff and Defendant Overbey. The Court will address the motion to dismiss using the correct spelling of Ms. Overbey's name. (*See* Pet. Exs. 3 & 4, ECF Nos. 1-3, 1-4; Summons to Glenda Overbey, ECF No. 1-8)

a response to Plaintiff's motion to stay; however, Plaintiff did not file a reply brief, and the time for doing so has expired.

## I. Background

This case stems from the alleged actions by Defendants of unreasonably and unlawfully seizing, arresting, and imprisoning Plaintiff, and denying bail by imposing an excessive bond restriction. (Compl. pp. 1-2, ECF No. 1) Plaintiff brings this cause of action on behalf of himself and a putative class of individuals. (*Id.* at ¶¶ 8-9) Plaintiff contends that on July 28, 2011, he went to the office of Cleveland Apartments in Hayti to apply for public housing. (*Id.* at ¶ 17) After completing and submitting his application, the apartment manager, Defendant Inman, questioned Plaintiff and accused him of falsifying the application. (*Id.* at ¶ 18) Inman later filed a complaint in municipal court for peace disturbance and assault, alleging that Plaintiff cursed at her and threw a pen at her. (Compl. Ex. C, ECF No. 1-3) In addition, Plaintiff contends Inman prepared a "Notice Against Trespass" prohibiting him from entering the premises of Cleveland Apartments. (Compl. ¶ 20) According to Plaintiff, Hayti police officers detained and arrested Plaintiff for a traffic violation because they did not yet have an arrest warrant. (*Id.* at ¶ 24)

Plaintiff was subsequently transferred to the Pemiscot County Jail, as set forth in a letter from Defendant Overbey, the Court Administrator of the City of Hayti Municipal Court. (Compl. Ex. D, ECF No. 1-4) A warrant for assault in the third degree and peace disturbance was then issued on July 29, 2011, requiring Plaintiff to post a cash bond in the amount of $1,022.50 and appear before the court on August 4, 2011. (Compl. Ex. B, ECF No. 1-2) Plaintiff contends that Defendant Judge Ragland provided Overbey with a signature stamp and authorized her to set bonds and issue warrants without his review. (Compl. ¶ 28) Plaintiff

further alleges that the actions of Ragland and Overbey of setting excess bond and holding Plaintiff in jail for 7 days were done solely to punish Plaintiff and prevent him from being released on bond. (*Id.* at ¶ 30)

In addition, Plaintiff maintains that the bond schedule for Hayti is discriminates against poor individuals. (*Id.* at ¶ 31A) Plaintiff contends that he was unlawfully imprisoned for 7 days and that he was then released by Ragland on Plaintiff's own recognizance. (*Id.* at ¶ 32) Ultimately, the Hayti prosecutor voluntarily dismissed the assault charge with prejudice, and the court ruled in favor of Plaintiff on the peace disturbance charge without imposition of any fine or period of incarceration. (*Id.* at ¶ 33)

On March 18, 2016, Plaintiff filed a Complaint against Defendants, alleging a violation of Plaintiff's civil rights under 42 U.S.C. § 1983 (Count I) for conspiring to deprive Plaintiff of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff maintains that Defendants violated his right to be free from unreasonable seizure, custodial arrest, and imprisonment for the alleged ordinance violations; to be free from prosecution not based on probable cause; to be released from imprisonment; to have his case heard and adjudicated before being compelled to plead guilty or prepay fines and court costs under the guise of a cash only bond; and to promptly be brought before a judge for an initial appearance and released at the time of arrest. In addition, Plaintiff alleges violations of the Missouri Constitution and Missouri Statute (Count II) for the reasons contained in Count I of the Complaint. Finally, Plaintiff brings a claim of civil conspiracy (Count III) for acting jointly and agreeing to prosecute Plaintiff, have him illegally arrested and incarcerated, deny bond by setting the amount unreasonably high, and refusing to release him on his own recognizance. Plaintiff seeks to pursue his case as a class action. He also seeks declaratory and injunctive relief, as well

as monetary damages in excess of $1,000,000. The Defendants have filed individual motions to dismiss in this cause of action.

## Legal Standards

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v.*

4

*Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### A. Defendant Hayti's Motion to Dismiss Counts II & III

Defendant Hayti argues that Counts II and III should be dismissed because they are barred by the doctrine of sovereign immunity. "Under Mo. Rev. Stat. § 537.600, public entities enjoy sovereign immunity . . . unless immunity is waived, abrogated, or modified by statute." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009) (citation omitted). "A municipality has sovereign immunity from actions at common law tort in all but four cases." *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009). These four exceptions include:

> (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function (*State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital*, 843 S.W.2d 353, 358 (Mo. banc 1993)); and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610).

*Id.* at 259. "When bringing claims against a public entity, a plaintiff 'bears the burden of pleading with specificity facts giving rise to an exception to the rule of sovereign immunity[.]'" *Wann v. St. Francois Cty., Missouri*, No. 4:15CV895 CDP, 2016 WL 866089, at *7 (E.D. Mo. Mar. 7, 2016) (quoting *Richardson*, 293 S.W.3d at 136-37).

5

Here, Plaintiff asserts that he has raised tort claims in Counts II and III. (Pl.'s Response p. 10, ECF No. 32) Construing the complaint in the light most favorable to the plaintiff and accepting the factual allegations as true, the Court finds that Plaintiff's claims for monetary damages on the tort claims should be dismissed on the basis of sovereign immunity. While Plaintiff argues that he has alleged an exception to sovereign immunity, namely the existence of insurance, this allegation is insufficient to waive sovereign immunity on the part of Defendant Hayti.

Plaintiff contends that Defendant Hayti has an insurance policy to cover tort liability such that Hayti has waived sovereign immunity. However, Hayti has attached the MOPERM policy, which limits coverage to injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motorized vehicles within the course and scope of employment or injuries caused by the condition of a public entity's property which the plaintiff establishes was in a dangerous condition at the time of the injury. (Def.'s Ex. 2 p. 3, ECF No. 39-2) Indeed, the policy explicitly cites to Mo. Rev. Stat. § 537.600 and limits coverage to actions specified in that statute. (*Id.*) As Plaintiff's state law tort claims in Counts II and III do not pertain to injuries stemming from the operation of motorized vehicles or the condition of Hayti's property, sovereign immunity applies, and Plaintiff is unable to demonstrate that Hayti has waived such immunity. Thus, to the extent that Plaintiff seeks monetary damages for these state law claims, the claims will be dismissed as barred by the doctrine of sovereign immunity. *Epps v. City of Pine Lawn*, 353 F.3d 588, 595 (8th Cir. 2003) (finding city did not waive its sovereign immunity where the MOPERM policy specifically provided when and for what type of injury the policy would pay and noted that liability would not be broadened beyond the limitations of Missouri's sovereign immunity statutes).

The Court notes, and the parties agree, that Plaintiff also seeks declaratory judgment and injunctive relief on the state law claims, which are not subject to sovereign immunity. Further, to the extent that Plaintiff's civil conspiracy claim pertains to the alleged federal violations under § 1983, the federal claim remains. As such, the Court will dismiss Plaintiff's state law claims for monetary damages in Counts II and III of the Complaint.

### B. Defendant Ragland

Next, Defendant Ragland asserts that all claims against him should be dismissed on the basis of absolute immunity, as he was performing his duties in his official capacity. Plaintiff claims that Judge Ragland had a policy of setting bonds for cash only and in excess of the amounts for offenses set forth in the fine/bond schedule. Further, Plaintiff contends that Ragland had a practice of denying defendants the opportunity to be released on their own recognizances or through surety bonds. Finally, Plaintiff maintains that Ragland allowed the clerk of the court to set bonds and issue warrants without requiring his review or hand-written signature. (Compl. ¶¶ 12-16, 28-31) Thus, Plaintiff asserts that Ragland's actions were non-judicial such that absolute immunity does not apply. Defendant Ragland argues that the Complaint alleges facts related to Ragland's performance while acting as a municipal judge in Hayti.

Claims against a judge for wrongs he allegedly committed in the course of his judicial duties are subject to dismissal because judges are entitled to absolute immunity from such suits. *Harris v. Sullivan*, No. 1:16CV235 ACL, 2017 WL 476628, at *2 (E.D. Mo. Feb. 3, 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976)); *see also Butz v. Economou*, 438 U.S. 478, 511 (1978) ("Judges have absolute immunity . . . because of the special nature of their responsibilities."). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 501 U.S. 9, 11 (1991) (citation omitted); *see also*

*Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976) ("[a]bsolute immunity defeats a suit at the outset so long as the official's actions were within the scope of the immunity."). Further, allegations of bad faith or malice do not overcome judicial immunity. *Id.* "Judicial immunity is not available in only two circumstances: a judge is not immune from liability (1) for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *T.Y.B.E. Learning Ctr. v. Bindbeutel*, No. 4:09-CV-1463 (CEJ), 2011 WL 1676065, at *3 (E.D. Mo. May 2, 2011) (citing *Mireles*, 502 U.S. at 11-12).

The Court finds that Defendant Ragland is entitled to absolute immunity in this case. In Plaintiff's response to the motion to dismiss, Plaintiff acknowledges that judges have absolute immunity from requests for monetary damages stemming from the exercise of judicial discretion. (Pl.'s Resp. p. 16, ECF No. 37). Plaintiff contends, however, that judges are not immune from injunctive relief or suit for statutory attorneys' fees. The Court disagrees. The Supreme Court previously held that judicial immunity did not apply where a plaintiff sought injunctive relief. *Pulliam v. Allen*, 466 U.S. 522 (1984). However, in 1996, "Congress legislatively reversed *Pulliam* by enacting the Federal Courts Improvement Act (FCIA) . . . ." *Bindbeutel*, 2011 WL 1676065, at *4 (citations omitted). The FCIA amended § 1983 by adding, "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." FEDERAL COURTS IMPROVEMENT ACT OF 1996, PL 104–317, October 19, 1996, 110 Stat 3847. None of the limitations apply in this case, and, absent a showing of non-judicial actions or actions taken in complete absence of jurisdiction, judicial immunity bars Plaintiff's claims for both monetary damages and injunctive relief.

8

*Bindbeutel*, 2011 WL167065, at *4; *see also Dancer v. Haltom*, No. 4:100cv-4118, 2010 WL 5071230, at *4 (finding that plaintiff could not overcome judicial immunity and dismissing claims for declaratory and injunctive relief against state court judge).

However, Plaintiff contends that Ragland's actions were non-judicial and/or in absence of all jurisdiction. Defendant correctly notes that the imposition of conditions of release, including the requirement of "the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof," is subject to the discretion of the judge. Mo. Rev. Stat. § 544.455. Likewise, a municipal judge has the authority to "cause to be kept all laws made for the preservation of the public peace, to issue process for the apprehension of persons charged with criminal offenses, and hold them to bail . . . ." Mo. Rev. Stat. § 542.020.

"[T]he scope of the judge's jurisdiction is broadly construed when considering the issue of judicial immunity." *Peak v. Richardson*, No. 1:06cv0176 TCM, 2008 WL 762110, at *9 (E.D. Mo. Mar. 19, 2008) (citation omitted). "In determining whether a judicial act occurs in the complete absence of jurisdiction, 'the nature of the function performed, not the particular act itself, controls the ... inquiry.'" *Bugg v. Boots*, No. 2:08-4277-CV-C-NKL, 2009 WL 900736, at *4 (W.D. Mo. Apr. 1, 2009) (quoting *Martin v. Hendren*, 127 F3d 720, 722 (8th Cir. 1997)). Claims against a judge for issuing an arrest warrant are barred by judicial immunity. *Denoyer v. Dobberpuhl*, 208 F.3d 217 (8th Cir. 2000) (unpublished per curiam) (citation omitted). Further, and contrary to Plaintiff's contention that only a prosecutor can commence a proceeding on a peace disturbance and assault charge, Missouri law provides:

> Whenever complaint shall be made in writing, and upon oath, to any such associate circuit judge, that any person has threatened or is about to commit any offense against the person or property of another, specifying the offense and person complained against, it shall be the duty of the associate circuit judge to issue a warrant, under his hand, reciting the complaint, and commanding the

> officer to whom it is directed forthwith to apprehend the person so complained of, and bring him before such associate circuit judge.

Mo. Rev. Stat. § 542.030; *see also Smith v. Slay*, No. 4:14CV1373 CDP, 2015 WL 1955018, at *2 (E.D. Mo. Apr. 29, 2015) ("Missouri authorizes a felony arrest warrant to issue upon a probable cause finding by the court."). Here, Inman issued a complaint against Plaintiff for cursing at her and throwing a pen, and Defendant Ragland issued a warrant on that complaint. (Compl. Exs. B, C, ECF Nos. 1-2, 1-3) Indeed, Plaintiff presents no legal authority for the proposition that Ragland acted outside the scope of his judicial function and jurisdiction. Thus, the Court finds that Defendant Ragland is entitled to absolute immunity, and Plaintiff's claims against Ragland in Counts I, II, and III will be dismissed. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate.") (citation omitted).

### C. Defendant Overbey

Next, Defendant Overbey seeks dismissal of all claims against her on the basis of quasi-judicial immunity. Overbey asserts that as the Clerk of the Municipal Court of Hayti, acting within the scope of her statutory duties, she is entitled to absolute immunity from suit. Plaintiff, on the other hand, contends that Overbey acted outside the scope of her position and that her actions were without authority or jurisdiction such that absolute immunity does not apply. Specifically, Plaintiff claims that Overbey prepared the arrest warrant and set Plaintiff's bond at and excessive amount and for cash only, stamping Defendant Ragland's signature on the warrant. (Compl. ¶ 25)

"Clerks of court have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (internal quotations omitted). "[T]he clerk of the court is

entitled to judicial immunity, at least as to claims related to the issuance and signing of warrants." *Smith*, 2015 WL 1955018, at *2; *see also Boyer v. Cty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (finding clerk of the court was "entitled to absolute immunity for signing and issuing the arrest warrant regardless of whether [the judge] instructed her to do so because these acts are integral parts of the criminal judicial process"). Even if Overbey "exceeded her authority when she issued the warrant, she did not act in the complete absence of all jurisdiction. She is therefore entitled to quasi-judicial immunity for issuing the warrant." *Boyer*, 971 F.2d at 102.

Further, as stated above, a judge has the authority to set the conditions of bond and to issue warrants and has judicial immunity from suits for wrongs he allegedly committed in the course of his judicial duties. "'[I]t is simply unfair to spare the judges who give orders while punishing the officers who obey them. Denying these officials absolute immunity for their acts would make them a light[ ]ning rod for harassing litigation aimed at judicial orders.'" *White v. Camden Cty. Sheriff's Dep't*, 106 S.W.3d 626, 633 (Mo. Ct. App. 2003) (quoting *Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1288-89 (10th Cir. 1989) (internal quotation omitted)). Thus, the judicial immunity extends to Defendant Overbey as the Municipal Court Clerk for Hayti, and Overbey is entitled to absolute immunity for all actions related to the issuance of the warrant, including the bond conditions set forth in the warrant. *Smith*, 2015 WL 1955018, at *2. Because Overbey is immune from suit, the Court will dismiss all claims against her set forth in Counts I, II, and III of Plaintiff's Complaint.

### D. Defendant Inman

Last, Plaintiff has filed claims against Defendant Inman for conspiring to deprive him of his rights under the United States Constitution, the Missouri Constitution, and Missouri law.

Defendant Inman asserts that Count II of the Complaint against her should be dismissed for failure to state a claim. Count II alleges that Defendants caused the arrest and custodial detention of Plaintiff by "causing an arrest warrant to be issued and requi[r]ing a cash bond for the maximum amount of the fines for each offense and court costs" in violation of his rights under the Missouri Constitution, Mo. Rev. Stat. § 544.455, and various Missouri Supreme Court Rules. (Compl. ¶ 39) Inman argues that, as a private party, she had no authority, duty, or obligation in setting cash bonds. In response, Plaintiff relies on case law pertaining to § 1983 claims, not the state law claims raised in Count II. *See, e.g., Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions."); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (finding that a private party involved in an alleged conspiracy can be liable under § 1983). Plaintiff presents no legal authority for the proposition that a private actor can be liable for joint actions for violations of the Missouri Constitution, Missouri statute, and Missouri Supreme Court Rules. Thus, the Court will grant Defendant Inman's motion to dismiss with respect to Count II.

### E. Motion to Deny Class Certification and Dismiss Class Claims

Defendants Hayti and Ragland have also filed a Motion to Deny Certification of Class Action Status to Plaintiff and Dismiss Plaintiff's Class Claims (ECF No. 13). The Court will deny the motion at this time. While Plaintiff purports to bring this action on behalf of himself and a putative class, the Court notes that Plaintiff has not yet filed a motion for class certification under Fed. R. Civ. P. 23. Thus, Defendants' motion is premature, and the Court will deny the motion without prejudice, subject to refiling should Plaintiff file a motion for class certification.

### F. Plaintiff's Motion to Deny Defendant Hayti's Motion to Dismiss or to Stay

Finally, Plaintiff has filed a Motion to Deny Defendant City of Hayti's Motion to Dismiss as to Counts II and III or in the Alternative to Stay Disposition (ECF No. 35). The basis for Plaintiff's motion is that Hayti has liability insurance coverage and that discovery is required to obtain information related to the insurance policy and the issue of waiver of sovereign immunity. As set forth above, Hayti has provided the insurance policy, which provides coverage only for specific negligent actions not alleged in Plaintiff's Complaint. Thus, the Court will deny Plaintiff's motion as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss on Behalf of Defendant City of Hayti, Missouri as to Counts II & III (ECF No. 9) is **GRANTED** as to the claims for monetary damages. Plaintiff's claims for declaratory and injunctive relief set forth in Counts II and III, as well as any federal § 1983 claims under Count III, remain pending.

**IT IS FURTHER ORDERED** that the Motion to Dismiss on Behalf of Defendant Calvin Ragland (ECF No. 11) is **GRANTED** and Counts I, II, and III as to Defendant Ragland are **DISMISSED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss on Behalf of Defendant Glenda Overbey (ECF No. 24) is **GRANTED** and Counts I, II, and III as to Defendant Overbey are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendant Amy Leeann Inman's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion of Defendant City of Hayti, Missouri, and Calvin Ragland to Deny Certification of Class Action Status to Plaintiff and Dismiss Plaintiff's Class Claims (ECF No. 13) is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Deny Defendant City of Hayti's Motion to Dismiss as to Counts II and III or in the Alternative to Stay Disposition (ECF No. 35) is **DENIED** as **MOOT.**

Dated this 2nd day of March, 2017.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**