UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>CITY OF HAYTI, MISSOURI, et al.,<br><br>    Defendants. | No. 1:16CV54 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on separate motions for summary judgment filed by each of the remaining parties: Defendant City of Hayti, Missouri ("Hayti"), has filed a Motion for Summary Judgment on Counts I and III (ECF No. 57); Defendant Amy Leeann Inman has filed a Motion for Summary Judgment on all claims against her (ECF No. 60); and Plaintiff Henry Hamilton has filed a Motion for Partial Summary Judgment as to Liability under the Eighth and Fourteenth Amendments (ECF No. 65). The parties' individual motions for summary judgment are fully briefed and ready for disposition. After careful consideration, the Court will grant Hayti's and Inman's motions for summary judgment and deny Plaintiff's motion for partial summary judgment as to liability.[1]

## BACKGROUND

On March 18, 2016, Plaintiff filed a Complaint against Defendants Hayti, Calvin Ragland, Glenda Overbey, and Inman. Count I of Plaintiff's Complaint alleges the Defendants violated his civil rights under 42 U.S.C. § 1983 for conspiring to deprive him of his rights under

---

[1] Hayti has also filed a filed a Motion to Strike portions of Plaintiff's Declaration filed in support of his Motion for Partial Summary Judgment (ECF No. 76) and Inman has filed a Motion to Strike Arguments in Plaintiff's Reply in Support of His Motion for Summary Judgment (ECF No. 85). Because the Court grants summary judgment in favor of each defendant, these separate motions to strike are denied as moot.

the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Count II alleges constitutional and statutory violations under Missouri law. Finally, Count III asserts a claim of civil conspiracy for acting jointly and agreeing to prosecute Plaintiff, have him illegally arrested and incarcerated, deny bond by setting the amount unreasonably high, and refusing to release him on his own recognizance. The Court stated the background of this case in its Memorandum and Order of March 2, 2017, primarily addressing motions to dismiss filed by each Defendant.[2] The Court incorporates those facts by reference as if fully set forth herein.

Subsequent to the Court's Memorandum and Order of March 2, 2017, Hayti filed a Motion for Summary Judgment on Counts I and III (ECF No. 57) and Inman filed a Motion for Summary Judgment on all claims against her (ECF No. 60). Plaintiff also filed a Motion for Partial Summary Judgment as to Liability under the Eighth and Fourteenth Amendments (ECF No. 65). Finally, Hayti filed a Motion to Strike Portions of Plaintiff's Declaration (ECF No. 76) filed in support of his Motion for Partial Summary Judgment and Inman filed a Motion to Strike Arguments in Plaintiff's Reply in Support of His Motion for Summary Judgment (ECF No. 85).

## LEGAL STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law

---

[2] Hayti had filed a Motion to Dismiss Counts II and III (ECF No. 9). Defendants Ragland and Overbey each filed separate Motions to Dismiss all counts against them (ECF Nos. 11, 24). Inman also filed a Motion to Dismiss Count II against her (ECF No. 18). The Court granted Hayti's Motion to Dismiss as to the claims for monetary damages in Counts II and III on the basis of sovereign immunity. The Court also granted Ragland's and Overbey's separate motions to dismiss, finding any claims against them were barred by the doctrine of judicial immunity. Finally, the Court dismissed Count II against Inman after Plaintiff failed to provide support for his proposition that a private actor could be liable for the claims brought under the Missouri law. Consequently, Hayti and Inman are the only remaining defendants.

determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## DISCUSSION

### I. Hayti's Motion for Summary Judgment

Plaintiff claims Hayti violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution by Ragland imposing an excessive bail for the municipal charges of peace disturbance and assault and requiring cash payment. Hayti argues Plaintiff's claims against it fail because he has not shown the city violated his rights.

3

Before addressing the grounds on which Plaintiff claims Hayti violated his constitutional rights, the Court must first consider under which circumstances the city can be liable under § 1983. A plaintiff can bring a § 1983 claim against a municipality

> only if a constitutional violation has been committed pursuant to an official custom, policy, or practice of the city, *see Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690-92, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Williams v. Butler*, 863 F.2d 1398, 1400 (8th Cir.1988), or is so pervasive among non policymaking employees of the municipality so "as to constitute a custom or usage with the force of law." *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Although a single act of a city official "whose acts or edicts may fairly be said to represent official policy" may give rise to municipal liability under § 1983, *Monell*, 436 U.S. at 694, 98 S. Ct. 2018, a municipality will only be liable under § 1983, where a city official "responsible for establishing final policy with respect to the subject matter in question" makes a deliberate choice among competing alternatives that results in the violation of constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986).

*Granda v. City of St. Louis*, 472 F.3d 565, 568 (8th Cir. 2007).

Plaintiff argues Hayti's "long established practice of setting cash-only bonds" should be considered a custom or usage and, therefore, make the city liable under § 1983. Ragland imposed a bond amount of $1,022.50 for Plaintiff, which was comprised of the maximum fine for each charged offense[3] plus $22.50 for court costs. According to Overbey's deposition testimony, it was Ragland's practice to set cash bonds for every defendant charged with municipal violations. (Overbey Depo. 39:17-25; 40:1) Ragland testified requiring cash bond "has normally always been that way" and it was "[s]omething that I inherited that way." (Ragland Depo. 27:6-12) City Marshall Paul Sheckell also testified bond was set at the same amount as the maximum fine for the charged offense plus court costs. (Sheckell Depo. 8:12-23) Further, Sheckell testified if a person paid the set cash bond, he or she would be released from

---

[3] $500 for the peace disturbance charge and $500 for the assault charge because it happened in a business establishment.

4

custody and told the bond would be forfeited if they failed to appear in court, at which time the case would be considered closed. (*Id.* at 9:16-24)

In *King v. City of Crestwood, Missouri*, 899 F.3d 643, 645 (8th Cir. 2018), a man successfully defended himself against a municipal charge. He subsequently brought a § 1983 claim against the city and the municipal judge after the judge denied his motion for costs and attorney's fees. *Id.* The Eighth Circuit affirmed the district court's conclusion that the plaintiff had failed to identify a municipal policy. *Id.* at 648. "The municipal court is a division of the state circuit court, and review of a judge's decisions is to be sought in that court." *Id.* at 649 (quoting *Granda*, 472 F.3d at 569). Accordingly, the Eighth Circuit held the municipal judge's order was "a judicial decision that is subject to review or reversal by higher state courts" and not a policy decision by the city. *Id.* (quoting *Granda*, 472 F.3d at 569); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("[T]he authority to make municipal policy is necessarily the authority to make *final* policy."). "[B]ecause the decision was appealable, it did not establish a *final* policy as required under § 1983." *Id.* (citing *Granda*, 472 F.3d at 569).

In Missouri, municipal judges have the same authority to impose conditions of pretrial release as associate circuit judges and circuit judges. Mo. Rev. Stat. § 544.455.8. Missouri judges have discretion when determining whether a defendant may be released on his or her personal recognizance pending trial or if conditions should be imposed in order to assure the defendant's appearance in court. *Id.* at § 544.455.1. Possible conditions include "[r]equir[ing] the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof." *Id.* at § 544.455.1(3).

The Court previously held in its Memorandum and Order of March 2, 2017, that Ragland was acting within the scope of his judicial function and jurisdiction and, therefore, entitled to

absolute immunity. Further, as a municipal judge, Ragland was subject to the rules of the 34th Judicial Circuit and the general administrative authority of the circuit's presiding judge, Mo. Rev. Stat. § 479.020.5, and any defendant tried before him would have the statutory right of a trial *de novo* in the circuit court. Mo. Rev. Stat. § 479.200.2.

Additionally, there is a specific process by which a defendant can seek a higher court's review of a trial court's failure to set conditions of release or imposition of inadequate or excessive conditions. Mo. Sup. Ct. Rule 33.09. "If the higher court finds that the accused is entitled to be released and no conditions therefor have been set, or that the conditions are excessive or inadequate, the court shall make an order setting or modifying conditions for the release of the accused." *Id.* at 33.09(b); *see generally Lopez-Matias v. State*, 504 S.W.3d 716, 720 (Mo. 2016) (en banc). These state provisions demonstrate that a municipal judge's decision regarding conditions of pretrial release are subject to review by higher courts and, therefore, are not "final" for purposes of establishing municipal liability under § 1983. *See King*, 899 F.3d at 649; *Granda*, 472 F.3d at 569.

It is clear Ragland's decision to impose cash-only bond was a judicial decision and not a policy decision of Hayti. "The municipal court is a division of the state circuit court, and review of a judge's decisions is to be sought in that court." *Granda*, 472 F.3d at 569. Consequently, Hayti is entitled to judgment as a matter of law on Counts I and III, and the Court grants its motion for summary judgment. Conversely, the Court denies Plaintiff's motion for partial summary judgment as to liability. Because the Court finds the issue of municipal liability dispositive, it need not address the other asserted grounds related to the constitutional validity of Ragland's imposition of cash-only bond raised by the parties.

## Inman's Motion for Summary Judgment

Next, Inman seeks summary judgment on the remaining charges against her. Inman previously moved to dismiss Count II against her related to the state law claims. In response, however, Plaintiff relied on case law pertaining to § 1983 claims and presented no legal authority related to the state law claims raised in Count II. Consequently, the Court granted Inman's motion to dismiss Count II in its Memorandum and Order of March 2, 2017. Count I alleging a violation of § 1983 and Count III alleging a civil conspiracy between the defendants remain to be adjudicated.

To state a claim under § 1983, a plaintiff must allege (1) the defendant acted under the color of state law and (2) the defendant's alleged conduct deprived the plaintiff of a federally-protected right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Generally, a private person's conduct is beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

> The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where the state has delegated to a private party a power traditionally exclusively reserved to the State, where a private actor is a willful participant in joint activity with the State or its agents, and where there is pervasive entwinement between the private entity and the state.

*Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (citations and internal quotation marks omitted). In order to defeat a motion for summary judgment in a § 1983 claim against a private party, a plaintiff "must offer evidence sufficient to support the conclusion that the defendants 'directed themselves toward an unconstitutional action by virtue of a mutual understanding,' and provide facts which would establish a 'meeting of the minds.'" *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) (quoting *White v. Walsh*, 649 F.2d 560, 561 (8th Cir.

7

1981)). "A private person does not conspire with a state official merely by invoking an exercise of the state official's authority." *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) (quoting *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980)).

Inman's mere calling for a police officer is not enough for her to be liable under § 1983. *See Young*, 284 F.3d at 870. During his deposition, Plaintiff admitted he has no evidence that would suggest a "meeting of the minds" between Inman and any of the other defendants.

> Q . . . Do you have any information that LeeAnn Inman had anything to do with setting the amount of the bond?
>
> A No.
>
> Q Okay. Do you have any information that LeeAnn Inman ever talked with Judge Ragland regarding these charges?
>
> A No.
>
> . . .
>
> Q . . . Mr. Hamilton, do you have any information that Ms. Inman did anything to prevent you from being released from jail after you were arrested?
>
> A I don't know.
>
> Q So, and it's kind of a yes or no, either you do or you don't have information?
>
> A I don't.
>
> Q Do you have any information that Ms. Inman ever talked with the City Prosecutor about these charges, do you know one way or the other?
>
> A No.

(Hamilton Depo. 73:13-20; 74:12-22) Rather, he points to the fact that Overbey is Inman's mother and the police officer who responded after Inman called the Hayti Police Department was her boyfriend (now husband), David Inman, as circumstantial evidence of a "meeting of the minds" to violate his rights. Familial and romantic relationships, on their own, are not sufficient

8

to prove a "meeting of the minds" by either direct or circumstantial evidence.[4] Because Plaintiff has failed to make specific allegations supporting his conspiracy claim against Inman, the Court grants her motion for summary judgment on Counts I and III.

## II. Hayti's and Inman's Motions to Strike

Finally, Hayti and Inman have each filed motions to strike portions of separate filings submitted by Plaintiff. Specifically, Hayti has filed a filed a Motion to Strike paragraphs 4, 6, and 8 of Plaintiff's Declaration filed in support of his Motion for Partial Summary Judgment (ECF No. 76) and Inman has filed a Motion to Strike Arguments in Plaintiff's Reply in Support of His Motion for Summary Judgment (ECF No. 85).

Paragraphs 4, 6, and 8 of Plaintiff's Declaration filed in support of his Motion for Partial Summary Judgment (ECF No. 71) relate to Plaintiff's alleged inability to pay the cash-only bond or have his family members pay it on his behalf. Hayti contends Plaintiff's deposition testimony refutes these claims and admits he was capable of posting cash bond but chose not to. Accordingly, Hayti moves for the Court to strike those paragraphs from his declaration and disregard their assertions.

Inman additionally moves for the Court to strike Plaintiff's argument in his Reply in Support of His Motion for Summary Judgment (ECF No. 84) related to his claims against her. Inman suggests Plaintiff's arguments against her in his Reply in Support of His Motion for Summary Judgment (ECF No. 84) should be considered an unauthorized surreply[5] to her own

---

[4] Plaintiff claims, "Courts often look at factors such as relationships between parties, their employment and work history, acceptance of statements of a party by without independent investigation, and any unexplained irregularities to accomplish the common goal." (ECF No. 78, p. 16) However, he fails to provide any authority for his proposition that familial, romantic, or employment relationships in and of themselves are sufficient grounds for a court to deny summary judgment.

[5] Local Rule 7-4.01 establishes the procedure by which a party may file a motion, response, and reply. "Additional memoranda may be filed by either party only with leave of Court." *Id.* at 7-4.01(C). "[A] Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Shea v. Peoples Nat'l*

9

motion for summary judgment as Plaintiff's arguments respond to those Inman raises in her Motion for Summary Judgment (ECF No. 60) rather than her Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 68).

Because the Court's granting of Hayti's and Inman's separate motions for summary judgment disposes of Plaintiff's claims against them, these motions to strike are denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Hayti's Motion for Summary Judgment on Counts I and III (ECF No. 57) is **GRANTED.**

**IT IS FUTHER ORDERED** that Inman's Motion for Summary Judgment on all claims against her (ECF No. 60) is **GRANTED.**

**IT IS FUTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment as to Liability under the Eighth and Fourteenth Amendments (ECF No. 65) is **DENIED.**

**IT IS FURTHER ORDERED** that Hayti's Motion to Strike Portions of Plaintiff's Declaration (ECF No. 76) is **DENIED as moot.**

**IT IS FINALY ORDERED** that Inman's Motion to Strike Arguments in Plaintiff's Reply in Support of His Motion for Summary Judgment (ECF No. 85) is **DENIED as moot.**

Dated this 18th day of September, 2018.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

*Bank*, No. 4:11-CV-1415 CAS, 2013 WL 74374, at *1 n.1 (E.D. Mo. Jan. 7, 2013) (internal quotation marks omitted).