UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) | No. 1:16CV54 RLW |
| ) | |
| CITY OF HAYTI, MISSOURI, et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the remaining claims for declaratory and injunctive relief set forth in Count II of Plaintiff Henry Hamilton's Complaint. The Court stated the background of this case in its Memorandum and Order of March 2, 2017 (ECF No. 42) and its Memorandum and Order of September 18, 2018 (ECF No. 86). The Court incorporates those facts by reference as if fully set forth herein.

On March 2, 2017, the Court dismissed Counts II and III against Hayti as to the claims for monetary damages but explicitly left pending Plaintiff's claims for declaratory and injunctive relief set forth in Counts II and III, as well as any federal § 1983 claims under Count III. On September 18, 2018, the Court granted summary judgment in favor of Defendant City of Hayti, Missouri ("Hayti") on Counts I and III. In light of neither party adequately addressing the claim for injunctive relief left pending after the March 2, 2017 Order, the Court ordered Plaintiff and Hayti submit separate status reports to the Court regarding Plaintiff's claims for declaratory and injunctive relief set forth in Count II that remained pending after both Orders (ECF No. 87).

After fully considering the parties' separate status reports, the Court denies Plaintiff's remaining claim for injunctive relief as moot. The City has repeatedly asserted it has already

implemented procedures pursuant to amendments to Missouri statutes and Supreme Court of Missouri Rules pertaining to municipal courts enacted in 2016, which makes Plaintiff's requests for declaratory and injunctive relief moot.[1] *Hempstead Cty. Hunting Club, Inc. v. Sw. Elec. Power Co.*, 558 F.3d 763, 767 (8th Cir. 2009) (quoting *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998) ("A claim for injunctive relief may become moot if challenged conduct permanently ceases."); *Tawwab v. Metz*, 554 F.2d 22, 23–24 (2d Cir. 1977) (holding that requests for declaratory and injunctive relief in a § 1983 case were moot after subsequent policy changes). Plaintiff has not provided evidence to the contrary.

Further, even if the claims for declaratory and injunctive relief were not moot, the Court in its discretion declines to exercise supplemental jurisdiction over the requested relief related to the state law claims. *See* 28 U.S.C. § 1367(a), (c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims for declaratory and injunctive relief set forth in Count II is **DENIED as moot**.

Dated this 15th day of October, 2018.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**

---

[1] According to the deposition of Hayti's City Attorney Lawrence Dorroh, the city has already adopted procedures in compliance with the 2016 amendments to Missouri statutes and Supreme Court of Missouri Rules (Dorroh Dep. 20:10-25; 21:1-3). Plaintiff correctly notes Dorroh did not specify which statutes and rules he was referencing. Hayti, however, did cite to specific statutory and rule changes in its Memorandum of Law in Support of Its Motion for Summary Judgment (ECF No. 58), namely Mo. Rev. Stat. § 479.260 et seq. and Rule 37.04. Plaintiff has failed to offer evidence refuting Dorroh's testimony asserting the city's current compliance with state law. Consequently, the evidence before the Court is that Hayti is in compliance with current Missouri statutory law and Supreme Court of Missouri Rules thereby making Plaintiff's requests for declaratory and injunctive relief moot.